UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:14-CV-1993 JD |
| | ) |
| C.O. SUMNER, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, filed a complaint under 42 U.S.C. section 1983 alleging C.O. Sumner used excessive force against him on February 1, 2014, in violation of the Eighth Amendment. (DE 2.) Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Scruggs complains about events that occurred during lunch tray pass out on February

1, 2014,while he was an inmate at the Westville Control Unit ("Westville"). (DE 2 at 3.) At lunch time, correctional officers were passing out food trays to inmates in their cells. As officers approached Scruggs' cell, Scruggs was making fun of Officer Sumner for using pepper spray on him a few days earlier. Because of that, Officer Sumner mixed together all of the food on Scruggs' lunch tray. After handing the food to Scruggs, Officer Sumner walked away from Scruggs' cell door. Scruggs knocked hard on the cell door twice and said something to the effect of, "bitch go get me Lt. Washington because you fucked up my tray on purpose." (DE 2, p. 3.) Officer Sumner quickly approached Scruggs' cell and sprayed him in the faced with pepper spray through an opening in the cell door.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Here, the complaint can be read to allege that Officer Sumner used pepper spray on Scruggs to maliciously or sadistically cause harm. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed further against Officer Sumner. Further factual development may show Sumner acted reasonably under the circumstances, but Scruggs has alleged enough at this stage.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against O.C. Sumner in his individual capacity for monetary damages for using excessive force against him on February 1, 2014;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285 for O.C. Sumner to the United States Marshals Service along with a copy of the complaint (DE 2) and this order;

(4) **DIRECTS** the U.S. Marshals Service to effect service of process on O.C. Sumner pursuant to 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that O.C. Sumner respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December 31, 2014

/s/ JON E. DEGUILIO  
Judge  
United States District Court